UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
JAMELL CARAWAY,

              Petitioner,

    -against-

STATE OF NEW YORK,

             Respondent.
---------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 1:05-cv-02913-FB

*Appearances*:
*For Plaintiff*:
JAMELL CARAWAY, *pro se*
# 01-A-3917
Wallkill Correctional Facility
50 McKendrick Road
P.O. Box G
Wallkill, NY 12589

*For Defendants*:
AMY MERRILL APPELBAUM
Office of the D.A., Kings County
Renaissance Plaza at 350 Jay St.
Brooklyn, NY 11201-2908

CLAIBOURNE IRVING HENRY
Kings County District Attorney's Office
350 Jay Street, 20th Floor
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

Jamell Caraway ("Caraway"), *pro se*, petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Caraway was convicted in New York Supreme Court, Kings County, on two counts of robbery and related charges and sentenced to multiple terms of imprisonment. In 2005, this Court denied his § 2254 petition challenging his conviction and sentence on grounds that are not relevant here. In 2012, Caraway was resentenced for the sole purpose of adding a five-year term of post-release supervision

to each of his terms of imprisonment.[1] He now petitions to vacate his 2012 resentencing, claiming that he received ineffective assistance of counsel and that his resentencing subjected him to double jeopardy.[2] For the reasons discussed below, the petition is denied.

Caraway claims that trial counsel provided ineffective assistance during plea negotiations. Construing his submissions liberally, he specifically claims that counsel failed to inform him that his potential sentence would include post-release supervision and failed to advise him to accept a plea offer. Caraway previously raised substantially the same claims before the state court in a motion under N.Y. Crim. Proc. Law § 440.10. The court denied the motion based on the trial record, which showed that counsel carefully explained the plea offer and urged Caraway to accept it. The Appellate Division, Second Department, summarily affirmed, and the Court of Appeals denied leave to appeal.

Caraway also claims that his resentence to a term of post-release supervision violated the Fifth Amendment's Double Jeopardy Clause. He previously raised this claim in state court on direct appeal from his resentencing. The Appellate Division rejected it, relying on the proposition that a person who—like Caraway—was

---

[1] Caraway was released in March 2016 and is presently serving his terms of post-release supervision.

[2] Caraway initially filed this petition in the circuit court by way of a motion for leave to file a successive § 2254 petition. However, the circuit court transferred it here as unnecessary under *Magwood v. Patterson*, 561 U.S. 320, 330-342 (2010), because it was Caraway's first § 2254 petition challenging the amended judgment entered after his 2012 resentencing.

2

resentenced while still serving his original term of imprisonment had no legitimate expectation in the finality of his original sentence and therefore could not establish a double jeopardy violation. *People v. Caraway*, 117 A.D.3d 840 (2d Dep't 2014) (citing *People v. Lingle*, 16 N.Y.3d 621, 630 (2011)). The Court of Appeals denied leave to appeal. *People v. Caraway*, 25 N.Y.3d 1199 (N.Y. 2015).

Because Caraway's claims were adjudicated on the merits in state court, this Court may grant his petition only if the state court's adjudication of the claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Washington v. Griffin*, 876 F.3d 395, 403 (2d Cir. 2017).

Caraway has not argued—much less established—that the state court decisions rejecting his claims were contrary to or an unreasonable application of such law. On the contrary, review of the record supports the state court's conclusion that counsel's assistance met an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Moreover, Caraway had no legitimate expectation in the finality of a sentence that was still being served and that erroneously omitted a period of post-release supervision. *See United States v. DiFrancesco*, 449 U.S. 117, 136 (1980) (no double jeopardy violation in part because prisoner had no expectation in the finality of his sentence); *see also Bozza v. United States*, 330 U.S.

3

160, 166-67 (1947) (stating that defendant may not escape punishment because of an error at sentencing).

Accordingly, Carraway's petition is denied. Because he has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED**

                                                        /S/ Frederic Block
                                                        FREDERIC BLOCK
                                                       Senior United States District Judge

Brooklyn, New York
July 25, 2018